## NEW YORK LIFE INS. CO. v. ARMENIAN-AMERICAN BUILDING & LOAN ASS'N et al.

### No. 19270.

District Court, E. D. Pennsylvania.
Jan. 14, 1937.

Ralph S. Croskey, of Philadelphia, Pa., for plaintiff.

Paul Reilly, of Philadelphia, Pa., for defendants.

MARIS, District Judge.

This is an action by the plaintiff against the defendant Building & Loan Association upon an agreement entered into between the parties on June 5, 1930, for the extension of a certain bond and mortgage held by the plaintiff which was a lien upon property then owned by the defendant. The bond and mortage had been given on March 25, 1924 by John H. Kramer to Samuel Schlosberg for the sum of $6,000. It was secured on premises 5212 Berks street, Philadelphia, and was duly recorded. By certain mesne assignments the mortgage became the property of the plaintiff on January 7, 1925, and on December 23, 1929, the defendant association became the owner in fee of the mortgaged premises.

On June 5, 1930, $250 was paid on account of the principal of the bond and mortgage and the parties thereupon entered into the extension agreement upon which the suit was brought. This agreement recited that the plaintiff was the holder of the bond and mortgage and that the defendant as owner of the mortgaged premises had requested the plaintiff to extend the time for the payment thereof. It provided that the balance of the principal of the bond would not be paid or demanded during the extended term therein mentioned and that the defendant association agreed, assumed, and covenanted to make prompt payment of the interest and principal when and as the same should respectively fall due, together with all taxes and water rents assessed against the premises, and should maintain the fire insurance thereon as provided in said bond and mortgage. Thereafter the defendant paid to the plaintiff the sum of $250 on account of the principal of the said bond and mortgage. Defendant, however, did not pay the balance of $5,500 or any of the interest coming due after March 25, 1934, as well as certain taxes and water rents due on the mortgaged premises. The plaintiff subsequently in a proceeding instituted on the mortgage bond in the court of common pleas No. 4 of Philadelphia county caused the mortgaged premises to be sold at public sale on April 1, 1935, and bought them in at the sale for the sum of $75.

The present suit was brought upon the extension agreement to recover the balance of the principal of the mortgage bond together with interest thereon and taxes and water rents which the plaintiff was compelled to pay. The defendant filed an affidavit of defense which admitted substantially all the facts. However, it set up as an affirmative defense that the mortgaged premises were of the fair value of $7,000 and that the plaintiff in the foreclosure action above referred to had in accordance with the provisions of the Pennsylvania Deficiency Judgment Acts of January 17, 1934, P.L. 243 (21 P.S. §§ 806 note, 807 note), and July 1, 1935, P.L. 503 (21 P.S. §§ 808 and note, 809 et seq.), filed its petition in the common pleas court to fix the fair value of the mortgaged property in order that the amount of its deficiency judgment might be established. The defendant averred that the said deficiency judgment proceeding was still pending and that the plaintiff was not entitled to recover judgment against it for any sum in excess of the deficiency judgment thus to be determined.

When the case was called for trial, the court permitted Jenks B. Robinson, William A. Cordivari, and Paul Reilly, liquidating trustees of the Armenian Building & Loan Association, to be made parties defendant, who thereupon filed an affidavit of defense which set up an additional affirmative defense. This affidavit averred that the defendant association was taken under control by the secretary of banking of Pennsylvania on April 12, 1934, by an order of segregation and adjudged insolvent by him on May 29, 1936, and that by action of its shareholders on August 14, 1936 approved by the secretary of banking on September 14, 1936, the intervening defendants were constituted liquidating trustees of the defendant association and that they were proceeding with the administration of the corporate assets pursuant to the Pennsylvania Building and Loan Code of May 5, 1933, P.L. 457, as amended (15 P.S. § 1074—1 et seq.). The defense set up was that the plaintiff did not have the right to recover judgment against the defendant association, because the latter was being liquidated under the supervision of the Department of Banking, and plaintiff was, therefore, relegated to presenting its claim in the liquidation proceedings. The intervening defendants also averred in their affidavit that under the extension agreement of June

696

5, 1930, the defendant association was a guarantor and consequently was entitled to have the full value of all collateral held by the plaintiff on the primary obligation applied thereto before the contract of guarantee was enforced.

At the trial the defendants offered to prove the order of segregation dated April 12, 1934, of the secretary of banking and his communication to the officers and directors of the association dated May 29, 1936, wherein he stated that it appeared that the association was insolvent and directed them to show cause why possession should not be taken of its business and property by the Department of Banking. They also offered the certificate of election by the shareholders of the defendant association to dissolve the same voluntarily in accordance with the provisions of article 11 of the Building and Loan Code (15 P.S.Pa. § 1074—1101 et seq.), by which certificate the intervening defendants were shown to have been elected as liquidating trustees. Upon the objection of the plaintiff the foregoing offers of evidence were excluded. The trial judge also, upon the objection of the plaintiff, excluded the offer of the defendants to prove that on September 14, 1936, when the liquidating trustees took over the properties of the defendant association it was insolvent, as well as their offers to prove the value of the mortgaged premises at the time of the foreclosure. The defendant thereupon rested and the trial judge upon motion of the plaintiff gave binding instructions in its favor to the jury which rendered a verdict in its favor in the sum of $6,982.81. The defendants thereafter filed the present motion for a new trial.

■ The first ground urged by the defendants in support of their motion is that the Pennsylvania Deficiency Judgment Acts were applicable to the plaintiff's claim, and since the plaintiff itself invoked their benefits, it is bound by their provisions limiting its recovery against the defendant association to the excess of the amount of its claim over the fair value of the mortgaged premises and that it is estopped from setting up the invalidity of the acts, which on October 5, 1936, were declared by the Supreme Court of Pennsylvania to impair the obligation of contracts in violation of the Constitution of the United States and the Constitution of Pennsylvania. Beaver County B. & L. v. Wino-

wich, 323 Pa. 483, 187 A. 481, 921. Without considering the question whether the Deficiency Judgment Acts were intended to apply to actions brought upon extension agreements of the character here involved, it is sufficient to say that the plaintiff secured no benefit from the acts referred to. They were passed solely to benefit mortgagors and their effect, so far as the plaintiff was concerned, was to compel its judgment in the foreclosure proceeding to be satisfied of record unless it proceeded, as it did, to have the value of the mortgaged property determined and credited on its judgment. It will thus be seen that the plaintiff in proceeding under these acts did so under legal compulsion in order to prevent the forfeiture of all right to a deficiency judgment. The defendant association was in no way prejudiced by its so doing. Consequently the plaintiff is not now estopped from asserting the unconstitutionality of these acts and the defendants' defense based on them must fail.

■ The defendants further urge that the trial judge erred in refusing to permit them to show that the defendant association was insolvent and was in effect being liquidated by the secretary of banking of Pennsylvania, from which they say it follows that the plaintiff was not legally entitled to enforce its claim except by presenting it for allowance and ultimate payment in whole or in part in the liquidation proceedings. The evidence which the defendants actually offered was not competent to prove the facts averred, however. In the first place the defendants entirely ignore the distinction which the courts of Pennsylvania have uniformly made between shareholders of building and loan associations and creditors of such associations whose claims are based wholly on outside transactions. Claims of the latter are entitled to payment in full before those of any shareholder, whether he be a matured shareholder, a withdrawing shareholder or any other. Malis v. Homer, B. & L. Ass'n, 314 Pa. 321, 171 A. 570. In the present case there was no offer by the defendants to prove that the defendant association was insolvent in the sense that its assets were insufficient to meet the claims of those persons whose claims against it were based wholly on outside transactions. Whether its assets were insufficient to repay to its shareholders the amounts paid in by them, in other words whether its capital was impaired, was

wholly immaterial so far as the claim of the plaintiff in this case was concerned.

Furthermore the evidence offered by the defendants was wholly insufficient to show that the association was being liquidated by the Department of Banking. The certificate of election to dissolve voluntarily, plaintiff's objection to the admission of which was sustained by the trial judge, merely indicated that the shareholders of the association had voluntarily determined to dissolve the association and wind up its affairs through liquidating trustees appointed by them, pursuant to the provisions of article 11 of the Pennsylvania Building and Loan Code of May 5, 1933, P.L. 457 (15 P.S. §§ 1074—1101 to 1074—1113 inc.). An examination of these statutory provisions makes it clear that the proceeding is a purely voluntary one under the supervision of the Department of Banking and is not in any sense a liquidation by the Department. The act contains no express prohibition of the enforcement of the claims of creditors by legal proceedings and on the contrary expressly provides that such claims shall have priority in payment over claims of shareholders. It is also provided that the articles of dissolution which terminate the proceeding shall contain a statement that there are no suits pending against the association in any court, which necessarily negatives the idea that suits against the association are prohibited by the act. It must be concluded that the Building and Loan Code is not a bar to the present action.

Finally the defendants urge that the extension agreement of June 5, 1930, was an agreement of guarantee or surety and that the defendant association upon executing it became a guarantor or surety for John H. Kramer, the original mortgagor. This being so, the defendants argue that the plaintiff is required to apply the full value of its collateral security, namely the mortgaged premises, to the original debt before calling upon the defendant. It is clear, however, that the agreement of 1930 was not one of guarantee or suretyship, but rather an original undertaking, a promise to compensate the plaintiff for forbearing for a definite time to exercise its lien on the property then belonging to the defendant. The facts in the present case are very much like those which were before the court in Bennett v. Rittenhouse Short-Term B. & L. Ass'n, 313 Pa. 391, 169 A. 757, in which Parry, Judge, in the opinion of the lower court, which was affirmed per curiam by the Supreme Court of Pennsylvania, said:

"The same observations dispose of the contention that the contract is one of suretyship. It was an original undertaking, a promise to compensate the plaintiff for not exercising her lien on the property then belonging to the defendant. * * *

"Lastly, the defendant suggests that the plaintiff is bound to exhaust her security before suing on the contract, but the plaintiff's mortgage lien was security for Feldman's debt and the defendant's new promise was not accompanied by the transfer of any security."

As in the case just cited, so here the plaintiff's mortgage lien was security for the original obligation of John H. Kramer. The defendant association's new promise to the plaintiff contained in the extension agreement of 1930 was not accompanied by the transfer of any security. Defendant's argument that they are entitled to have the plaintiff exhaust its security before proceeding against the defendant association is thus seen to be without merit.

Motion overruled.